UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| SWEEP, LLC, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 5:19-cv-01177 |
| ) | |
| BLUE DUCK EXPRESS, INC., ) | |
| ) | |
| Defendant. ) | |
| BLUE DUCK EXPRESS, INC., ) | |
| ) | |
| Counterclaimant, ) | |
| ) | |
| v. ) | |
| ) | |
| SWEEP, LLC, ) | |
| ) | |
| Counterdefendant. ) | |

# **DEFENDANT BLUE DUCK EXPRESS, INC.'S ANSWER AND COUNTERCLAIM**

## **ANSWER**

Defendant Blue Duck Express, Inc. ("Defendant" or "Blue Duck") responds to Plaintiff Sweep, LLC ("Sweep" or "Plaintiff") Plaintiff's Original Complaint (the "Complaint") as follows:

### **RESPONSE TO ALLEGATIONS SET FORTH IN SECTION ENTITLED "JURISDICTION AND VENUE"**

1.  In response to paragraph 1 of the Complaint, Defendant admits that it is headquartered in Bexar County, Texas and has consented in the Services Agreement with Sweep, LLC to venue in Bexar County, Texas. To the extent any factual allegations remain in this paragraph 1, Defendant denies the remaining allegations.

2. In response to paragraph 2, Defendant responds that the allegations are argumentative and/or contain legal conclusions to which no response is required. To the extent any response is required, Defendant denies the allegations in this paragraph. Defendant specifically denies that Sweep has been damaged in any amount or that Sweep is entitled to attorneys' fees or that the damages in this matter, which Defendant denies exist, will exceed $75,000.00.

## RESPONSE TO ALLEGATIONS SET FORTH IN SECTION ENTITLED "PARTIES"

3. In response to paragraph 3, Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations and, on that basis, denies all such allegations.

4. In response to paragraph 4, Defendant admits that it is a Delaware corporation with its principal place of business at 312 Pearl Pkwy, Ste. 2403, San Antonio, Texas 78215. Defendant admits that CT Corporation System is its registered agent in Texas. Defendant denies that it was properly served with the complaint, but Defendant will not challenge service.

## RESPONSE TO ALLEGATIONS SET FORTH IN SECTION ENTITLED "FACTUAL ALLEGATIONS"

5. In response to paragraph 5, Defendant admits that it provides electric scooters to various markets around the United States for temporary private transportation.

6. In response to paragraph 6, Defendant admits that it believed that Plaintiff provided support services to the electronic scooter market, but it denies that Plaintiff properly or adequately provided those services. Defendant denies the remaining allegations in this paragraph.

7. In response to paragraph 7, Defendant admits the allegations in this paragraph.

8. In response to paragraph 8, Defendant responds that the allegations are argumentative and/or contain legal conclusions to which no response is required. To the extent any response is required, Defendant admits that the Services Agreement contains Texas choice of law and Bexar County, Texas venue provisions.

9. In response to paragraph 9, Defendant denies each and every allegation set forth in this paragraph.

10. In response to paragraph 10, Defendant responds that the allegations are argumentative and/or contain legal conclusions to which no response is required. To the extent any response is required, Defendant admits that the quote in that paragraph is contained in the Services Agreement.

11. In response to paragraph 11, Defendant denies all allegations in this paragraph.

12. In response to paragraph 12, Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations related Plaintiff's "hopes" and, on that basis, denies all such allegations. Defendant further responds that the allegations are argumentative and/or contain legal conclusions to which no response is required. To the extent any response is required, Defendant denies the remaining allegations in this paragraph.

13. In response to paragraph 13, Defendant admits that Plaintiff sent invoices and Defendant admits that it contends that Plaintiff breached the Services Agreement. Defendant denies the remaining allegations in this paragraph.

14. In response to paragraph 14, Defendant admits that Plaintiff purported to terminate the Services Agreement in July 2019. Defendant further admits that Plaintiff sought payment for invoices as well as a number of other alleged unspecified charges. Defendant denies the remaining allegations in this paragraph.

15. In response to paragraph 15, Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations related to Plaintiff's alleged actions and, on that basis, denies all such allegations. Defendant further responds that the allegations are argumentative and/or contain legal conclusions to which no response is required. To the extent any response is required, Defendant denies the remaining allegations in this paragraph.

## RESPONSE TO ALLEGATIONS SET FORTH IN SECTION ENTITLED "CAUSES OF ACTION"

16. In response to paragraph 16, Defendant incorporates by reference each and every denial, defense or objection contained in its answers to paragraphs 1-15 above, to the same extent Plaintiff has incorporated those allegations into paragraph 16.

17. In response to paragraph 17, Defendant denies all allegations in this paragraph.

18. In response to paragraph 18, Defendant denies all allegations in this paragraph.

19. In response to paragraph 19, Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations related to Plaintiff's alleged reliance and alleged expenses, and, on that basis, denies all such allegations. Defendant further responds that the allegations are argumentative and/or contain legal conclusions to which no response is required. To the extent any response is required, Defendant denies the remaining allegations in this paragraph.

20. In response to paragraph 20, Defendant responds that the allegations are argumentative and/or contain legal conclusions to which no response is required. To the extent any response is required, Defendant denies the remaining allegations in this paragraph.

21.     In response to paragraph 21, Defendant incorporates by reference each and every denial, defense or objection contained in its answers to paragraphs 1-20 above, to the same extent Plaintiff has incorporated those allegations into paragraph 21.

22.     In response to paragraph 22, Defendant admits that the Services Agreement was valid and enforceable.  Defendant denies the remaining allegations in this paragraph.

23.     In response to paragraph 23, Defendant responds that the allegations are argumentative and/or contain legal conclusions to which no response is required. To the extent any response is required, Defendant denies the remaining allegations in this paragraph.

24.     In response to paragraph 24, Defendant responds that the allegations are argumentative and/or contain legal conclusions to which no response is required. To the extent any response is required, Defendant denies the remaining allegations in this paragraph.

## RESPONSE TO ALLEGATIONS SET FORTH IN SECTION ENTITLED "CONDITIONS PRECEDENT"

25.     In response to paragraph 25, Plaintiff has not defined an "Intervenor" and thus, Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations, and, on that basis, denies all such allegations.  Defendant further responds that the allegations are argumentative and/or contain legal conclusions to which no response is required. To the extent any response is required, Defendant denies that the conditions precedent to Plaintiff's action have occurred or have been waived and denies the remaining allegations in this paragraph.

/ / /

## RESPONSE TO ALLEGATIONS SET FORTH IN SECTION ENTITLED "JURY DEMAND"

26. In response to paragraph 26, Defendant responds that the allegations are argumentative and/or contain legal conclusions to which no response is required. To the extent any response is required, Defendant denies the remaining allegations in this paragraph.

## RESPONSE TO ALLEGATIONS SET FORTH IN SECTION ENTITLED "PRAYER FOR RELIEF"

Defendant denies that Plaintiff has any meritorious claims which would entitle it to relief. Accordingly, Defendant denies Plaintiff's prayer for relief and all of its subparts.

Except as otherwise admitted or denied herein, Defendant denies each and every allegation contained in paragraphs 1-26.  Defendant further denies that Plaintiff has sustained any injury, damage or loss by reason of any conduct, action, error or omission on the part of Defendant.

## AFFIRMATIVE DEFENSES

As separate and distinct affirmative defenses to the Complaint, as to all claims by Plaintiff against Defendant, Defendant alleges as follows:

### FIRST AFFIRMATIVE DEFENSE

**(Plaintiff's Acts or Omissions)**

1. Plaintiff's damages, if any, were incurred as a proximate result of Plaintiff's own statements, acts and/or omissions.

/ / /

## SECOND AFFIRMATIVE DEFENSE

### (Waiver)

2. The entire Complaint, and each cause of action thereof, is barred by the doctrine of waiver.

## THIRD AFFIRMATIVE DEFENSE

### (Estoppel)

3. The entire Complaint, and each cause of action thereof, is barred by the doctrine of estoppel.

## FOURTH AFFIRMATIVE DEFENSE

### (Unclean Hands)

4. Plaintiff's claims may be barred, in whole or in part, by the doctrine of unclean hands.

## FIFTH AFFIRMATIVE DEFENSE

### (Laches)

5. The entire Complaint, and each cause of action thereof, is barred by the doctrine of laches.

## SIXTH AFFIRMATIVE DEFENSE

### (Consent)

6. Plaintiff's claims against Defendant are barred because Plaintiff consented to and approved acts and omissions alleged in the Complaint.

/ / /

## SEVENTH AFFIRMATIVE DEFENSE

### (Implied Consent)

7.      Plaintiff, through actions and conduct, impliedly consented to and approved the acts and omissions alleged in the Complaint.

## EIGHTH AFFIRMATIVE DEFENSE

### (Failure to Mitigate)

8.      Plaintiff has failed to mitigate or attempt to mitigate damages, if in fact any damages have been or will be sustained, and any recovery by Plaintiff must be diminished or barred by reason thereof.  Specifically, among other items, Defendant offered to take over the storage lease from Plaintiff and Plaintiff declined that offer.

## NINTH AFFIRMATIVE DEFENSE

### (Contribution and Indemnity)

9.      If it is established that Defendant is in any manner legally responsible for any of the injuries and damages alleged in the Complaint, such injuries and damages (the facts and extent of which are expressly denied by Defendant) were proximately caused and contributed to by persons and entities other than Defendant, and for whom Defendant is not responsible and hence, Defendant is entitled to indemnity and contribution, or both, from each of said other persons/entities in an amount in direct proportion to the culpable conduct of said other persons/entities.

/ / /

## TENTH AFFIRMATIVE DEFENSE

### (Accord and Satisfaction)

10. Plaintiff entered into a contract with Defendant that operated as an accord and satisfaction of any claims pre-dating the contract, including those for alleged false representations prior to entry into the contract.

## ADDITIONAL DEFENSES

As separate and distinct additional defenses to the Complaint, Defendant alleges as follows:

## FIRST ADDITIONAL DEFENSE

### (Failure to State Facts Sufficient to Constitute a Cause of Action)

1. Plaintiff's Complaint fails to state facts sufficient to constitute a cause of action against Defendant.

## SECOND ADDITIONAL DEFENSE

### (Defendant Did Not Cause Damages)

2. Any damages allegedly sustained by Plaintiff were not the result of the acts, representations or omissions of Defendant, or any of its agents, representatives and/or employees, but instead were the direct and proximate result of the conduct or actions of persons other than Defendant and for whose conduct Defendant is not responsible.

## THIRD ADDITIONAL DEFENSE

### (Contract)

3. As a separate defense to Plaintiff's claims, Defendant alleges that Plaintiff entered into a contract which bars all claims against Defendant. Defendant separately and alternatively alleges that the contract bars all relief sought by Plaintiff. Among other things, Plaintiff's

contract acted as a superseding and intervening cause that bars any alleged false representations and Plaintiff received all benefits of its contract which bars all Plaintiff's claims.

## FOURTH ADDITIONAL DEFENSE

### (Plaintiff's Breach of Contract/Excuse of Performance)

4.  As a separate defense to Plaintiff's claims, Defendant alleges that Plaintiff breached the contract with Defendant prior to any alleged breach by Defendant such that any alleged breach by Defendant is excused and Defendant was excused from further performance.

## FIFTH ADDITIONAL DEFENSE

### (Unconstitutionality of Punitive Damages)

5.  Although Defendant denies that it has committed or has responsibility for any act that could support the recovery of punitive damages in this lawsuit, to the extent that any such act is found, recovery of punitive damages against Defendant is unconstitutional under numerous provisions of the United States Constitution including, without limitation, the Excessive Finds clause of the Eighth Amendment, the Due Process clause of the Fifth Amendment and Section 1 of the Fourteenth Amendment, and other provisions of the United States Constitution.

## ADDITIONAL DEFENSE

### (Right to Amend)

6.  To the extent that the Complaint does not describe the events or claims alleged in it with sufficient particularity to enable Defendant to determine what defenses may exist to such events or claims, Defendant reserves the right to amend this answer, to assert additional affirmative and other defenses, and to supplement, alter or change this answer and these defenses upon discovery and investigation in this matter.

## **COUNTERCLAIM AGAINST PLAINTIFF SWEEP LLC**

COMES NOW Defendant and Counterclaimant Blue Duck Express, Inc. ("Blue Duck") and hereby files this counterclaim against Plaintiff and Counterdefendant Sweep, LLC ("Sweep")

## **ADDITIONAL FACTUAL BACKGROUND**

1. On or about March 29, 2019, Blue Duck entered into a Services Agreement with Sweep (the "Agreement"). Under this Agreement, Sweep, the contractor, agreed to provide a series of services as detailed in that agreement including, but not limited to, charger services, mechanic services, quality control services, day balancing and redistribution, a central operating location, and warehouse staffing.

2. Sweep further agreed in the Agreement that the Blue Duck scooters are owned by and remain the property of Blue Duck.

3. On information and belief, at the time Sweep entered into the Agreement, and at all times subsequent, Sweep did not have the resources, personnel, policies, and/or facilities to perform the Agreement including, *inter alia* that Sweep lacked requisite electrical capacity, adequate security, and adequate employee quality and controls. For example, on information and belief, Sweep's warehouse was not built out properly to charge the scooters such that the scooters while charging kept blowing circuitry and the scooters were not timely or properly checked and maintained.

4. Further, on information and belief, the methods employed by Sweep to store and to transport Blue Duck's scooters were highly unprofessional and incompetent, and have resulted in significant damage to Blue Duck's fleet while in the custody of Sweep.

5. Blue Duck began performing on the Agreement. However, due to unforeseen circumstances, certain invoice payments became delayed. Blue Duck disputes that payments were owed given Sweep's material breaches as detailed above, but Blue Duck nonetheless attempted to negotiate a payment schedule. Blue Duck also offered to take over the lease for the scooter warehouse.

6. Notwithstanding these efforts, once payments were delayed, Sweep purported to terminate the contract and purported to take Blue Duck's scooters hostage in order to extract monies not owning under the Agreement, including, for example, $40,000 in "sunk cost" in the face of the unambiguous language in the Agreement, which reads: "Contractor [Sweep] is solely responsible for all of its own tools, equipment, insurance, and any expenses that it incurs in connection with the Services."

7. Sweep has caused and continues to cause Blue Duck damages in the form of harm to its scooters for failure to comply with the terms of the Agreement and other damages as a result of Sweep's continued holding hostage the Blue Duck scooters.

## CAUSES OF ACTION

**Count 1:  Fraud**

8. Blue Duck hereby incorporates all the preceding allegations as if fully set forth herein.

9. As discussed above, Sweep made false statements of material fact about, among other things, its facilities and/or capabilities in order to induce Blue Duck into entering into the Agreement. These false representations of material fact were made by Sweep in writing in the Agreement itself.

ANSWER AND COUNTERCLAIM                                                                                                  12

10. Sweep knew that it did not have the facilities and capabilities to perform under the Agreement when it entered into the Agreement, thereby making its misrepresentations knowing and intentional. Sweep had a pecuniary interest in Blue Duck relying on the false statements of fact.

11. Blue Duck relied on these representations to its detriment. As a result of this reliance, Blue Duck has suffered damages to be proven at trial.

12. In addition, Blue Duck will prove by clear and convincing evidence that Sweep committed fraud, thereby entitling Blue Duck to exemplary damages.

**Count 2:  Breach of Contract**

13. Blue Duck hereby incorporates all the preceding allegations as if fully set forth herein.

14. As discussed above, the parties entered into a valid and enforceable Agreement.

15. Blue Duck performed its obligations under the Agreement except to the extent its performance was excused by the prior breach of Sweep.

16. Sweep failed to perform under the Agreement as required and was not otherwise excused from performance.

17. As a result, Blue Duck was damaged and continues to suffer damages resulting from Sweep retaining Blue Duck's property, to which it is not entitled.

18. Moreover, under the Agreement and under Chapter 38 of the Texas Civil Practices & Remedies Code, Blue Duck is entitled to reasonable and necessary attorneys' fees in bringing this action.

## CONDITIONS PRECEDENT

19. All conditions precedent to Blue Duck's claims have occurred or have been waived.

## PRAYER FOR RELIEF

WHEREFORE, Blue Duck prays for judgment against Sweep as follows:

1. That Sweep takes nothing by way of its Complaint;

2. That the Complaint be dismissed with prejudice and judgment entered in favor of Blue Duck;

3. That Blue Duck be awarded actual, reliance, consequential, and exemplary damages on the fraud counterclaim;

4. That Blue Duck be awarded actual damages on the breach of contract counterclaim;

5. That Blue Duck be awarded reasonable attorneys' fees;

6. That Blue Duck be awarded its costs of suit incurred in this action including pre- and post-judgment interest and costs; and

7. For such other and further relief as the Court deems just and proper.

DATED: November 22, 2019

_____/s/ Leanna M. Anderson_____
Leanna M. Anderson
Texas State Bar No. 24085833
leanna.anderson@dentons.com
DENTONS US LLP
2000 McKinney Avenue, Suite 1900
Dallas, Texas 75201
214-259-0900 Telephone
214-259-0910 Facsimile

*Counsel for Defendant Blue Duck Express, Inc.*

## CERTIFICATE OF SERVICE

      I hereby certify that on the 22nd day of November 2019, the foregoing was filed electronically with the Clerk of Court to be served by operation of the Court's electronic filing system upon the following:

Joseph D. Sibley
CAMARA & SIBLEY LLP
sibley@camarasibley.com
4400 Post Oak Pkwy.
Suite 700
Houston, Texas  77027
Tel: (713) 966-6789
Fax: (713) 583-1131

*Counsel for Plaintiff*

                                                          */s/ Leanna M. Anderson*

113685086